UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE WOJTYS,

    Plaintiff,

v.                                                                 Case No.: 8:23-cv-02941

CAJUN OPERATING COMPANY
d/b/a CHURCH'S CHICKEN,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Cajun Operating Company d/b/a Church's Chicken ("Defendant"), answers the Complaint filed by Plaintiff, Kyle Wojtys ("Plaintiff") and states as follows:

**JURISDICTION AND VENUE**

1. Defendant admits that Plaintiff brings claims under Section 1981, Title VII, and the FCRA. Defendant denies any allegations, either express or implied, that it violated those or any other laws pertaining to Plaintiff's employment.

2. Defendant admits that this Court has jurisdiction over Plaintiff's claims.

3. Defendant admits that venue is appropriate in this Court. Defendant denies any allegations, either express or implied, that it violated those or any other laws pertaining to Plaintiff's employment.

1

## PARTIES

4. Defendant is without knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 4.

5. Defendant admits that it does business in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8.

9. Defendant admits that it employed Plaintiff. Defendant admits further that the language of Section 1981 speaks for itself.

10. The language of Section 1981 speaks for itself.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. Defendant acknowledges that Plaintiff requests a jury trial. Defendant denies that there is any issue worthy of a jury trial in this case and denies that Plaintiff is entitled to any of the relief that she seeks.

## FACTS

15. Defendant admits that allegations in Paragraph 15.

16. Defendant admits that allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant admits that Plaintiff was one of two people in his position in the region where he worked and admits that he was the only white employee of those two.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant admits that some communications between employees was in Spanish. Defendant denies that any information was communicated solely in Spanish and denies the remaining allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies that any discrimination occurred or was reported an denies the remaining allegations in Paragraph 25.

26. Defendant admits that it terminated Plaintiff on February 17, 2022. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant admits the allegations in Paragraph 29.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
## (RACE DISCRIMINATION)

30. Defendant restates its responses to Paragraphs 8-29.

31. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

Defendant denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

### COUNT II – 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

37. Defendant restates its responses to Paragraphs 8-29.

38. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

Defendant denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

## COUNT III – TITLE VII VIOLATION
## (RACE DISCRIMINATION)

45. Defendant restates its responses to Paragraphs 6-7 and 11-29.

46. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

Defendant denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

## COUNT IV – TITLE VII RETALIATION

51. Defendant restates its responses to Paragraphs 6-7 and 11-29.

52. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant admits that it terminated Plaintiff. Defendant denies any allegations, either express or implied, that terminating Plaintiff violated Title VII or any other law.

57. Defendant denies the allegations in Paragraph 57.

Defendant denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

### COUNT V – FCRA VIOLATION
### (RACE DISCRIMINATION)

58. Defendant restates its responses to Paragraphs 6-7 and 11-29.

59. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

Defendant denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

### COUNT VI – FCRA RETALIATION

63. Defendant restates its responses to Paragraphs 6-7 and 11-29.

64. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant admits that it terminated Plaintiff. Defendant denies any allegations, either express or implied, that terminating Plaintiff violated the FCRA or any other law.

69. Defendant denies the allegations in Paragraph 69.

Defendant denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations, and therefore, reserves the right to amend its Answer and Defenses.

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff has failed to plead sufficient facts to establish that his termination or any other adverse action that he encountered was based on his protected characteristic or because he allegedly engaged in protected activity.

### Second Defense

Any potential recovery of the damages sought by Plaintiff is barred or limited to the extent that he has failed or fails in the future to make reasonable efforts to mitigate his alleged damages.

### Third Defense

Any potential recovery of the damages sought by Plaintiff must be set off and/or reduced by wages, commissions, pay and benefits, and other earnings or remunerations, regardless of form, that were received by, paid to, or due to Plaintiff, or receivable by Plaintiff with the exercise of due diligence.

### Fourth Defense

Defendant maintains policies prohibiting discrimination and retaliation along with procedures by which its employees must inform it of any such conduct. The anti-discrimination and anti-retaliation policies provide that such complaints are the subject of prompt, remedial action reasonably calculated to end alleged discrimination and/or retaliation. Defendant cannot be held liable for alleged injuries where Plaintiff failed to take advantage of or use preventative or corrective procedures provided by Defendant to avoid harm. Similarly, to the extent that Plaintiff did avail himself of these policies and Defendant took effective remedial action, his claims in this action are barred.

### Fifth Defense

Plaintiff cannot state a claim for retaliation under Title VII, FCRA or Section 1981 or discrimination under Section 1981 to the extent that his race or the protected activity that he allegedly engaged in was not the but-for cause of his separation from employment with Defendant.

### Sixth Defense

Plaintiff cannot recover any punitive damages because neither Defendant nor any of Defendant's employees sufficiently high in its corporate hierarchy committed any act with malice or reckless indifference to Plaintiff's statutorily protected rights, or approved, authorized, ratified, or had actual knowledge of any such acts. Plaintiff also cannot recover punitive damages because any alleged unlawful actions were contrary to Defendant's good faith efforts to comply with the law.

### Seventh Defense

If Defendant acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired or would have resulted in his termination had it been known prior to his hire or during his employment, then Plaintiff's damages may be limited or barred, and/or she may not be entitled to the equitable relief requested, based upon the doctrine of after-acquired evidence.

### Eighth Defense

One or more of Plaintiff's claims are frivolous, unreasonable, and groundless; accordingly, Defendant is entitled to an award of attorneys' fees and costs associated with its defense of those claims.

### Ninth Defense

If any improper, illegal, retaliatory, or discriminatory acts were taken against Plaintiff by any of Defendant's employees, agents, or representatives, which

Defendant expressly denies, then said acts were taken outside the course and scope of that employee's employment, said agent's agency, and/or said representative's capacity to act on behalf of Defendant, and/or were contrary to Defendant's policies. Any such acts were not authorized, ratified, confirmed, or approved by Defendant. Thus, any such acts cannot be attributed or imputed to Defendant.

## Tenth Defense

To the extent Plaintiff has failed to timely and properly exhaust all administrative remedies, all claims not properly or timely made a part of a charge of discrimination are barred.

## Eleventh Defense

Plaintiff's FCRA claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination filed with the FCHR or any other federal, state, or local fair employment agency.

**WHEREFORE,** having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests that:

a. Plaintiff's claims be stricken or dismissed with prejudice in their entirety;

b. Each and every prayer for relief in Plaintiff's Complaint be denied;

c. Judgment be entered in favor of Defendant;

d. All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff; and

e. This Court grant Defendant such other and further relief as it deems just and appropriate.

Dated: February 1, 2024

                                                Respectfully submitted,

                                                **FORDHARRISON LLP**

                                                */s/ Christopher C. Johnson*
                                                Christopher C. Johnson (Lead Counsel)
                                                Florida Bar No. 105262
                                                cjohnson@fordharrison.com
                                                401 East Jackson Street, Suite 2500
                                                Tampa, Florida 33602
                                                Telephone: (813) 261-7800
                                                Facsimile: (813) 261-7899

                                                *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

                            Brandon J. Hill, Esq.
                          Wenzel Fenton Cabassa, P.A.
                      1110 N. Florida Ave., Suite 300
                                Tampa, FL 33602

                                                */s/ Christopher C. Johnson*
                                                Attorney